UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD PEA (#457171)                                       CIVIL ACTION NO.

VERSUS                                                              23-35-SDD-EWD

ERIC LEWIS

## ORDER

Plaintiff Donald Pea ("Pea"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, filed his Complaint Under the Civil Rights Act, 42, U.S.C. § 1983, on or about January 20, 2023 against Eric Lewis ("Lewis"). Pea alleges violations of his First and Eighth Amendment rights[1] that appears to be based on claims of both excessive force, deliberate indifference, and retaliation.[2]

To successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that shows each defendant's participation in the alleged wrong.[3] For supervisory defendants, who did not directly participate, a plaintiff must show that the defendant established policies that are the cause of the alleged violation or breached a duty under state law.[4] Pea's Complaint does not currently state a claim. Rather than dismissing his lawsuit at this time, Pea will be given another opportunity to allege specific facts that he believes support his claims against the relevant officials.[5] Accordingly,

---

[1] R. Doc. 1.
[2] Pea alleges "officers" were present during the incident of excessive force, so he may also be alleging a failure to intervene.
[3] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).
[4] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[5] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

**IT IS ORDERED** that, by no later than **April 6, 2023**, Plaintiff Donald Pea must file an amended complaint on the standardized § 1983 lawsuit form (same form used before), stating specific facts to support his claims against any individual or entity he wishes to name as a defendant. In any amended complaint, Pea must provide the details of his claims as explained below. Pea is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit stating the same limited facts originally given without providing more details. The amended complaint must specifically address the following:

1) Who do you allege used excessive force against you on April 8, 2022;

2) Explain the circumstances surrounding the use of force (in other words, were orders given, did you comply with orders, what injuries do you allege you suffered because of the use of force, if any);

3) What type of force was used;

4) If you claim officers, other than the officer(s) you claim used excessive force against you, saw the alleged use of force, explain who these officers were (if you know), and where these officers were at the time (in other words, how could these officers see what was happening);

5) How quickly was force used;

6) Did you request medical treatment after the alleged use of force;

7) If you requested medical treatment, how long after the alleged use of force did you request it;

8) Who did you ask for medical treatment;

9) What medical treatment did you request;

10) What medical treatment was given, if any, and when;

11) If you are alleging that you were not provided with medical treatment when you asked for it, please state what harm, if any, you suffered as a result of the lack of medical treatment or the delay;

12) You say that "officers personally knew Plaintiff suffered from asthma." Explain which officers knew you suffered from asthma and how they knew;

13) Since you appear to be alleging that excessive force was used against you in retaliation ("Plaintiff has alleged that the motive for this behavior by officer believed Plaintiff was responsible for the other inmate not moving in cell-5"), please explain in more detail what you believe is the motive for the retaliation (in other words, what right were you trying to exercise that the alleged use of force was intended to prevent).[6]

Pea is placed on notice than an amended complaint takes the place of the previous complaint.[7] His amended complaint will be the operative complaint for this lawsuit and **must include all defendants, claims, and facts**. Pea is instructed to place the cause number "3:23cv00035" on the amended complaint and on all documents that he files in this lawsuit.

**Pea is also placed on notice that this lawsuit may be dismissed without further notice if he fails to timely respond to this Order.**

Signed in Baton Rouge, Louisiana, on March 16, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] It appears you may believe the alleged act of retaliation was motivated by staying in a single man cell. You must be very specific as to why you believe this caused an officer to retaliate against you.
[7] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).