# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONALD PEA (#457171)**  CIVIL ACTION NO.

**VERSUS**  23-35-SDD-EWD

**ERIC LEWIS**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 9, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

DONALD PEA (#457171)    CIVIL ACTION NO.

VERSUS    23-35-SDD-EWD

ERIC LEWIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Amended Complaint of Plaintiff Donald Pea ("Pea"), who is representing himself and who is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[1] Based on the screening required under 28 U.S.C. § 1915A, and allowed by § 1915(e), it is recommended that all Pea's federal claims be dismissed for failure to state a claim and that this Court decline to exercise supplemental jurisdiction over potential state law claims. It is further recommended that Pea's pending Motions[2] asking for temporary restraining orders/preliminary injunctions be denied.

**I.    BACKGROUND**

Pea filed this suit under 42 U.S.C § 1983, alleging that his constitutional rights were violated.[3] On March 26, 2023, this Court ordered Pea to file an amended complaint alleging more specific facts to support his claims and gave him detailed instructions about what information needed to be included.[4] On April 6, 2023, Pea filed the Amended Complaint, which is the controlling pleading for this case.[5] Pea asks for monetary damages.[6]

---

[1] R. Doc. 5.
[2] R. Docs. 6 & 7.
[3] R. Doc. 1, p. 4.
[4] R. Doc. 4.
[5] R. Doc. 5.
[6] R. Doc. 5, p. 6.

## II. LAW & ANALYSIS

### A. Standard of Review

This Court may dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[7] The screening process gives the court the ability early in the case to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of civil Procedure 12(b)(6).[8] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] For a complaint to survive dismissal, it must contain enough factual information to raise a

---

[7] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Pea was granted IFP status on March 8, 2023, so both statutes apply. R. Doc. 3.
[8] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[9] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Id.*

2

reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[12]

### B. Pea has Not Stated a Claim for Retaliation

Pea alleges chemical agent was used on him "for the purpose of punishment" because Defendant "believed Plaintiff was responsible for the other inmate not moving in cell-5 and the officer had to stay and do paperwork."[13] Inmate retaliation claims are viewed skeptically by the courts, so federal courts do not become involved in every disagreement an inmate may have with prison officials.[14] To show retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that a sufficiently serious (greater than *de minimis*) adverse retaliatory action was taken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* "but for" the retaliatory motive, the adverse action would not have occurred.[15]

Pea has not provided this Court with any information about what right he was trying to exercise or had exercised that was the reason for the alleged retaliation.[16] Rather, he only states that he believes Defendant used chemical spray against him because he blamed Pea for another inmate not wanting to move into cell 5.[17] Pea's allegation is conclusory.[18] He has not alleged facts to show the first element of his retaliation claim because, even after leave to amend, he did not

---

[12] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[13] R. Doc. 5, p. 5.
[14] *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).
[15] *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).
[16] R. Doc. 5, pp. 4-5.
[17] R. Doc. 5, p. 5.
[18] *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988) (conclusory allegation of retaliation dismissed as frivolous); *McFerrin v. Pinkee*, No. 16-432, 2019 WL 3491662, at *2 (E.D. Tex. May 29, 2019) ("[c]onclusory allegations are insufficient to establish a retaliation claim").

explain what right he was trying to exercise or any time line of events from which retaliation could be inferred.[19] Because he has not alleged necessary facts in support, Pea's federal claim for retaliation should be dismissed.

### C. Pea has Not Stated a Claim for Excessive Force[20]

Force is excessive in violation of the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[21] Although "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury,"[22] the Eighth Amendment's prohibition against cruel and unusual punishment, excludes *de minimis* uses of physical force, provided that such force is not "repugnant to the conscience of mankind."[23] Factors to be considered in determining whether an alleged use of force is excessive include the extent of injury sustained,[24] if any; the need for the application of force; the relationship between the need for force and the amount of force utilized; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[25]

---

[19] Pea was specifically instructed by the Court to explain in more detail in an amended complaint what he believed to be the motive for the retaliation "(in other words, what right were you trying to exercise that the alleged use of force was intended to prevent)". R. Doc. 4, p. 3.

[20] It appears Pea is alleging that the use of force was especially malicious and particularly chosen by Defendant because he knew Pea suffers from asthma. R. Doc. 5, pp. 4-5. It does not appear Pea is trying to allege a deliberate indifference to a serious medical need claim, but to the extent he is, the claim fails because Pea does not provide any facts to support his conclusory assertion that "the officers personally knew Plaintiff suffered from asthma." R. Doc. 5, pp. 4-5. This is even after Pea was specifically instructed by the Court to provide this information, as well as other information about medical treatment following the use of chemical spray. R. Doc. 4, p. 2.

[21] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).

[22] *Wilkins*, 559 U.S. at 38.

[23] *Hudson*, 503 U.S. at 10.

[24] Though extent of injury is a factor to consider in deciding whether excessive force was used, no arbitrary amount of injury is required to maintain an excessive force claim. *Wilkins*, 559 U.S. at 39.

[25] *Hudson,* 503 U.S. at 7.

Pea alleges force was used "for the purpose of punishment," but he has failed to state any facts to explain the circumstances surrounding the use of force, such as whether he was following or disobeying orders.[26] The Court specifically instructed Pea regarding how to fix the deficiencies with his excessive force claim.[27] Even after the opportunity to correct his Complaint, he has failed to provide specific factual allegations necessary to sustain a claim of excessive force. Accordingly, Pea's federal claim for excessive force is subject to dismissal.[28]

### D. Pea Cannot State a Conditions of Confinement Claim

It appears Pea may be attempting to allege more generally that he is held in conditions that violate the Eighth Amendment because he says that he "has been repeatedly placed in living conditions wherein he has suffered immensely from repeated acute asthma inflammation, chest pain."[29] Pea provides no details regarding what condition of confinement is causing his continuing asthma attacks or who may be responsible and why. Due to the lack of information about this claim, any federal claim related to Pea's conditions of confinement should be dismissed.[30]

### E. Pea Cannot State a Claim for the Alleged False Disciplinary Charge

Though it does not seem that Pea is trying to state a claim for the disciplinary report he claims was falsely issued, out of an abundance of caution, this potential claim was also considered on screening. The law is clear that "there is no due process violation if a prisoner, who is falsely

---

[26] R. Doc. 5, pp. 4-5. Pea's allegations are not clear as to whether he was compliant with orders when force was used. In his Amended Complaint, he says Defendant "took no desclation [sic] steps as he has been trained," which suggests Pea was not compliant. R. Doc. 5, p. 5.
[27] R. Doc. 4.
[28] *Thompson v. Dukes*, No. 08-090, 2011 WL 4702471, at *1 (N.D. Tex. Sept. 30, 2011) ("conclusory allegations and legal conclusions are insufficient to state a claim."); *Anderson v. Contreras*, No. 02-005, 2003 WL 21748139, at *1 (N.D. Tex. July 24, 2003) (specific facts are necessary to maintain a claim under § 1983).
[29] R. Doc. 5, p. 4.
[30] *See Johnson v. Texas Bd. of Criminal Justice*, 281 Fed.Appx. 319, 321 (5th Cir. 2008) (affirming frivolous dismissal of conditions of confinement claims as too vague and conclusory to state a claim of a sufficiently serious deprivation that denied the minimal civilized measure of life's necessities) (quotation marks and citations omitted).

5

accused of charges, is given an adequate state procedural remedy to challenge the accusations."[31] Pea does not say that the state remedy available for him to challenge the disciplinary charge was inadequate, and there is no information that the available state procedures were inadequate.[32]

Even if Pea had alleged that available state remedies were inadequate, the issuance of one or more false disciplinary reports, even when the report leads to punishment, cannot be the basis for a federal constitutional violation unless the punishment has exposed an inmate to an unusual and significant deprivation (considered in the context of prison life).[33] Though Pea states he "got lock-up for a rule violation that the D.B. court through-out in Hawk 1-R-5," he does not provide any details about the difference in living conditions between where he was confined before and after his "lock-up" for the rule violation.[34] Also, a disciplinary sentence of a quarters change is not generally so unusual or significant that it would support a claim for a procedural due process violation,[35] so Pea's change of living quarters is not enough to show a liberty interest protected by the due process clause.[36] For these reasons, any federal due process claims based on the alleged false disciplinary report should be dismissed for failure to state a claim.

---

[31] *Grant v. Thomas*, 37 F.3d 632 (5th Cir. 1994).
[32] *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (finding that a claim by an inmate that he was improperly charged in with a disciplinary violation, standing alone, does not state a due process violation if the disciplinary proceeding was otherwise fair and adequate to give the inmate the opportunity to clear himself of the alleged violation).
[33] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).
[34] R. Doc. 5, p. 4.
[35] *Sandin*, 515 U.S. at 486.
[36] *Id. See also Triplett v. LeBlanc*, No. 13-243, 2015 WL 893057, at *5 (M.D. La. March 2, 2015); *Fisher v. Wilson*, 74 Fed.Appx. 301, 302 (5th Cir. 2003) (When a plaintiff fails to allege that placement in administrative segregation presented an atypical or significant hardship beyond the ordinary incidents of prison life, giving rise to a constitutionally protected liberty interest that would trigger due-process guarantees, he has failed to state a claim for violation of due process) and *Mendez v. Johnson*, No. 14-2507, 2014 WL 4782726, at *3 (S.D. Tex. Sep. 23, 2014) (same, citing *Sandin*, 515 U.S. 472).

### F. Pea Should Not be Given Further Leave to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[37] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[38] Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[39]

The Court specifically ordered Plaintiff to amend his complaint to correct the lack of information in his original Complaint to support his claims. Pea took advantage of that opportunity and filed another complaint.[40] However, he largely repeated the same facts that were in his original complaint. Courts are not required to give multiple chances to amend, even to a person representing himself.[41] Because, after amendment, his allegations still fall short of stating a claim of constitutional dimension, Pea should not be given further opportunity to amend.[42]

### G. Pea's Requests for Preliminary Injunctive Relief Should be Denied

Also pending are two Motions seeking preliminary injunctive relief.[43] "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[44] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of

---

[37] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[38] *Id.*
[39] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).
[40] R. Docs. 8 & 9.
[41] *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165, at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, at *2 (M.D. La. Nov. 7, 2018).
[42] *See Wiggins*, 710 Fed.Appx. at 627 (internal quotation marks omitted) ("Ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."). The Court specifically instructed Plaintiff to describe what physical harm he suffered due to his medications being interrupted, but he has only provided the Court with a vague assertion of "pain," which is insufficient to state a claim. *See*
[43] R. Docs. 6 & 7.
[44] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors").

the Court.[45] At all times, the burden of persuasion to get a preliminary injunction or temporary restraining order remains with the plaintiff as to each of the four required elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[46] If a plaintiff fails to meet his burden on any of the necessary elements, the Court need not address the other elements.[47]

Pea cannot establish a likelihood of success on the merits as to his request for injunctive relief for the same reasons that dismissal of his federal claims for failure to state a claim has been recommended. If the recommendation to dismiss this matter for failure to state a claim under 28 U.S.C. §§ 1915(e) and/or 1915A is adopted, then any request for injunction would necessarily be denied.[48]

### H. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Pea's allegations may be asking the Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[49] In this case, because it has been recommended that all Pea's federal

---

[45] *See Allied Mktg. Grp., Inc.*, 878 F.2d at 809.
[46] *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[47] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).
[48] Pea's requests for injunctive relief are also not properly brought in this case as they appear to relate to matters outside of the scope of this lawsuit. Specifically, the requests for injunctive relief seem to be about problems Pea is having with inmate banking.
[49] 28 U.S.C. § 1367.

8

claims be dismissed, it is further recommended that the Court decline to exercise supplemental jurisdiction over any possible state law claims.

### III. RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise of supplemental jurisdiction over potential state law claims, that all claims brought by Plaintiff Donald Pea in this case be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and/or 1915A for failure to state a claim upon which relief may be granted, and that Pea's Motions[50] asking for preliminary injunctive relief be **DENIED**.[51]

Signed in Baton Rouge, Louisiana, on August 9, 2024.

_Erin Wilder-Doomes_
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[50] R. Docs. 6 & 7.

[51] Pea is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the ruling will count as a strike.